IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. S3 09 Cr. 581 (WHP) |
| | ) | |
| vs. | ) | The Honorable William H. Pauley, III |
| | ) | |
| PAUL M. DAUGERDAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT GUERIN'S POST-TRIAL MOTION
### FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL

Defendant Donna Guerin, by her undersigned attorneys, hereby moves for a judgment of

acquittal pursuant to Fed. R. Crim. P. 29(c) or, alternatively, a new trial pursuant to Fed. R.

Crim. P. 33 or to arrest judgment pursuant to Fed. R. Crim. P. 34.  Defendant further renews her

motion for acquittal made pursuant to Fed. R. Crim. P. 29(a) at the close of the evidence, on

which the Court reserved ruling pursuant to Fed. R. Crim. P. 29(b).

After the verdict, the Court invited defense counsel to confer and submit a proposed

schedule for the briefing of post-trial motions.  (Tr. 9168.)   Given the length of trial, the

voluminous record, and the number of exhibits in evidence, Defendant requests until August 10,

2011 to file a brief in support of this motion.

The Court must grant a motion for acquittal if a reasonable jury could not have found the

essential elements of the crime beyond a reasonable doubt.  *United States v. Cassesse,* 428 F.3d

92, 95 (2d Cir. 2005) (affirming judgment of acquittal where willfulness element was not proved

beyond a reasonable doubt); *United States v. Jones,* 393 F.3d 107, 111 (2d Cir. 2004) (directing

judgment of acquittal where there was insufficient evidence of defendant's involvement in a

charged conspiracy).  While the Court must view the evidence in the light most favorable to the government and draw reasonable inferences in the government's favor, the question is whether a reasonable juror, drawing only reasonable inferences and without resorting to speculation, could have found against the defendant on each element of each charge beyond a reasonable doubt. *E.g., United States v. D'Amato,* 39 F.3d 1249, 1256 (2d Cir. 1994); *United States v. Stewart,* 305 F. Supp. 2d 368, 376-78 (S.D.N.Y. 2004).

In general, and without purporting at this time to list each of the specific bases that she will set forth in her brief in support of this motion, Guerin is seeking acquittal because the evidence at trial was insufficient to establish beyond a reasonable doubt each of the elements of any of the offenses of which she was convicted, Counts 1, 8, 12-19, 20, and 25.[1] *See United States v. Hoy,* 137 F.3d 726, 729 (2d Cir. 1998); *United States v. Gjurashaj,* 706 F.2d 395, 399 (2d Cir. 1983);  2A Charles Alan Wright, Federal Practice & Procedure § 466 (4th ed.) ("A general motion for acquittal is a proper method to challenge the sufficiency of the evidence . . . . Specificity is not required by Rule 29.")  The government failed to establish beyond a reasonable doubt all of the requisite elements under any of the theories charged in the indictment, failed to prove that Guerin acted with the requisite criminal intent, failed to prove the existence of the conspiracy alleged in the indictment, and failed to prove that Guerin did not act in good faith and with an honest belief that her conduct was lawful.  In addition, the government failed to establish that venue was proper by a preponderance of the evidence for any count.  Further, the government failed to prove beyond a reasonable doubt that any act in furtherance of the charged conspiracy, any act of evasion, or any act of obstruction occurred within the statutes of limitations applicable to those counts.

---

[1] For purposes of this motion, counts are identified by the number designated on the verdict form and the final redacted indictment submitted to the jury.

Dated: June 6, 2011                                        Respectfully submitted,

                                                           DONNA M. GUERIN

                                                           By: */s/ Mark L. Rotert*
                                                               One of her attorneys

Mark L. Rotert
William P. Ziegelmueller
STETLER, DUFFY & ROTERT, LTD.
10 S. LaSalle St., Suite 2800
Chicago, IL 60604
Phone: 312-338-0200
mrotert@sdrlegal.com
bziegel@sdrlegal.com

## CERTIFICATE OF SERVICE

I, Mark L. Rotert, an attorney, hereby certify that on June 6, 2011, I caused **Defendant**

**Guerin's Post-Trial Motion for Judgment of Acquittal or New Trial** to be filed electronically

and served upon the following parties via electronic mail:

Stanley J. Okula
Nanette L. Davis
Jason Hernandez
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andews' Plaza
New York, NY  10007
Phone:  212-637-1585
Email: nanette.l.davis@usdoj.gov
        stan.okula@usdoj.gov
        jason.hernandez2@usdoj.gov
*Counsel for United States of America*

Susan E. Brune
Therese M. Trzaskoma
Laurie Edelstein
Brune & Richard LLP
80 Broad Street, 30th Floor
New York, NY  10004
Phone:  212-668-1900
Email: sbrune@bruneandrichard.com
        ttrzaskoma@bruneandrichard.com
        ledelstein@bruneandrichard.com
*Counsel for David Parse*

Caroline Rule
Sharon McCarthy
Kostelanetz & Fink LLP
7 World Trade Center, 34th Floor
New York, NY  10007
Phone:  212-808-8100
Email: crule@kflaw.com
        rfink@kflaw.com
*Counsel for Denis Field*

Charles B. Sklarsky
Chris C. Gair
Nicole A. Allen
Jenner & Block LLP
353 North Clark Street
Chicago, IL  60654
Phone:  312-222-9350
Email: csklarsky@jenner.com
        cgair@jenner.com
        nallen@jenner.com
*Counsel for Paul Daugerdas*

*/s/ Mark L. Rotert*
Mark L. Rotert

4